Good morning, Your Honors. Marissa Conroy on behalf of Defendant Appellant James Francis Murphy. Your Honors, I'd like to specifically focus on the Supreme Court's decision in Indiana v. Edwards. And we are asking that this Court remand to the District Court in light of the decision in Edwards. Now, the government in its brief essentially argued that it's not necessary to remand, that the District Court's or Magistrate Judge's order in this case addressed the standard that was articulated by Edwards. And that was not only a consideration of whether someone... What do you think Edwards did? What do I think that Edwards did? Yeah. I think Edwards now allows a court to impose counsel on a gray area defendant. Whereas before... I thought Edwards broadened the discretion of the trial judge. Well, that's what I'm saying. They have discretion whether to impose counsel on a defendant who may be found competent, but have some mental health problems or mental health issues that allow the court to impose counsel on that defendant. Because they are unable to assist themselves. Well, I understand, but it's surprising. It broadens the discretion of the trial judge. How can it help you? If it constrains discretion, if it said the court has to deny counsel if there's an incompetence, then that would help you. But all Edwards did, as best I can tell, is say, the trial judge can do more, have broader, wider latitude. So I'm not sure how it helps you. What would be gained by sending it back? Well, it helps for a number of reasons. Number one, I think if you actually go back to the magistrate judge's finding regarding competency, the only finding she actually ever made on the record was she said, I make a finding Dr. Murphy is competent to go forward. So I don't think it was even clear whether she took Edwards into consideration and addressed the two prongs of Edwards, first, is he competent to proceed to trial. You're not really answering Judge Kuczynski's question, which was how could it help you if they have more discretion. Is there an answer to that? There is. Well, I think there is, because I think at the time that the magistrate judge was conducting the Feretta hearing and the subsequent competency hearing was she believed that Dr. Murphy had an absolute right to represent himself. And that was the case in Ferguson as well, this court addressed. It turns out his right to do so was more limited. So it's possible that had the district court applied Edwards, they might have said, well, no, I exercise my discretion not to allow you to do that. Right? I'm sorry, in Ferguson, I'm not sure. I'm talking about Murphy's case. Right. The court would have said, yes, I exercise discretion not to allow you to represent yourself based on Edwards. Right? But how can it be error to, since it's permissive, I'm not sure how that helps you. Unless Edwards says that the court has to do it, then it would be an error. Well, I think in Johnson, this court kind of raised the question, is it a question of whether the court is permitted to do it or is it a question of whether the court is required to do it? Judge Kuczynski's question to you is, if the magistrate had more discretion than he thought he had, how can that be an error? And you have to answer that question by saying that the magistrate judge could have imposed counsel upon Dr. Murphy. Yes. Could have. Yes. And should have. And so he had discretion to do that and didn't know that he had that discretion. That's correct. Does that help you, is his question? I believe so. Because the judge felt confined by either one option or the other. Either you're allowed to completely represent yourself. Because he had discretion and didn't exercise it. I don't think the judge was aware that he had the discretion to impose counsel in a situation where someone's found competent, but there may be underlying mental health problems. The judge is trying so hard to help you. I'm sorry? The judge is trying so hard to help you, and you insist on talking over him. You know, it's not a wise course. It's best to listen, because, you know, he really is trying to help you. Okay. Just to help you answer the question, not necessarily giving you the answer to the case. But you're trying to say, I think, that if the magistrate had more discretion than he thought he had, then he clearly didn't know he had discretion, then he couldn't exercise that discretion, and that means that you don't know what he would have done had he had discretion. Exactly. See, Ms. Connelly, it was well put. That answers my question. Didn't Dr. Yanofsky, in his report to the magistrate, make clear that there were the two issues, both the competency to stand trial and the right to represent oneself? Not necessarily. And didn't the magistrate, didn't she just follow that report? Not necessarily. The way this came about was in the prosecution's motion for competency exam. They raised the case of United States versus Wooten, and that individual was diagnosed with persecutory delusional disorder, and basically the court felt that that person's belief system interfered with their ability to represent themselves. So when the district court initially issued their order for the competency exam, they did ask Dr. Yanofsky to examine whether Dr. Murphy was able to represent himself. However, in Yanofsky's report, immediately preceding that, he says, and this will be examined specifically focusing on the case of Wooten and whether an individual's belief systems will so interfere with their ability to represent themselves. So I don't think that the report, nor the judge's subsequent finding at the competency hearing, really addressed the bigger picture question of Edwards in that, was this individual competent to represent himself? Why do we assume that the judge didn't know the law? Why do we assume the judge didn't know the law? The prosecution never raised Edwards. The court never addressed Edwards. At no time was Edwards ever raised. But Edwards had been decided. Yes, but no one ever spoke of Edwards in the standard under Edwards. The parties were solely focused on the decision of Wooten. Did you raise Edwards? I'm sorry? Did the defense raise Edwards? Well, Mr. That's the other problem in this case is Dr. Murphy was proceeding pro se at that point in time and was about to undergo a competency proceeding. So I think it would be illogical to expect an individual who's proceeding pro se has not yet been determined competent to raise Edwards. Did he have standby counsel or counsel help at that hearing? He did have standby counsel, yes. But a very limited interaction. Standby counsel, from the record you can see, was not involved in the competency proceeding. The order of the court for the competency hearing directed that the report of Dr. Yanofsky be provided to the OUSA and then subsequently to Dr. Murphy. Standby counsel never received it, never participated in the hearing. Which brings me to an even bigger problem, and that is that this court should also address the fact that the district or the magistrate judge granted Dr. Murphy's request to represent himself before he was ever found competent to proceed. And I raised in my 28-day letter to the court as well that basically you can't have an individual effect in knowing an intelligent waiver of the right to counsel until it's been determined that they're actually competent to effect that waiver. And so here what should have happened was Dr. Murphy should have been represented by counsel at the competency hearing. Both statutorily, 4241, which governs the competency proceedings, references 4247D, which says that at a competency hearing the defendant shall have the right to counsel. When was this raised? I'm sorry? When and where was this raised? Well, I raised the issue that the court erred in allowing Dr. Murphy to represent himself in my opening brief. Right. The government in response raised some arguments as to why Ferguson didn't apply and why Johnson controlled, and I responded that in both my reply brief on remand that counsel should be appointed also for the express purpose of the competency hearing. Well, didn't the magistrate judge order both a competency hearing to determine whether he's competent to stand trial and to determine whether he was competent to represent himself? That's where I disagree with that. The order says, yes, Dr. Murphy was competent to represent himself, but the way that this came to the magistrate court was in light of United States v. Wooten. The parties were specifically focused on that case, and that case addressed whether someone's personal belief system could interfere with their right to represent them and their ability to represent themselves. But weren't the instructions to Dr. Yanofsky to address both issues? Right, and he addressed that issue, but those specifically focused on whether Dr. Murphy's belief system affected himself, not this broader general question of is he able to represent himself. And then subsequently, what I'm saying is the magistrate court's findings at the competency hearing, which she specifically said, I am making a finding that Dr. Murphy is competent to go forward, and that's in the record at 47. Unlike in Johnson, this court's recent case, where the district court judge there actually made a specific finding, twofold, one, that the defendants were competent to proceed to trial, and two, that if they chose to represent themselves, they were competent to do that as well. So the magistrate judge never made that requisite finding that Edwards asked a court to look at, that two-pronged component. Is it necessary for the district court to make that finding? Is it necessary for the court to make the finding they're competent to represent themselves? That they're mentally competent to represent themselves. I would say absolutely. You think that's a separate finding that needs to be made other than the ultimate finding of competency to represent themselves? That mentally competent is supposed to be competent? I mean, the court grants self-presentation, right? And by doing so, finds that it's been properly invoked and that there's no impediment. Do you think that you need to have a specific finding as to mental competency? Not as to mental competency to stand trial, but mental competency to represent yourself. Well, I think, not necessarily. Godinez makes clear that the standard's the same. The competence to proceed to trial and the competence to wait. Well, but you were complaining about the absence of a specific finding. And that's what I was asking about. Is it just the court has to make a specific finding, and I find him mentally competent to represent himself? Isn't it enough that the court grants self-presentation? No, because the expectations and the benefits that a person's going to lose once they give up their right to representation, I think it does require a finding. I mean, the court makes other findings. My finding is that knowing that it's voluntary makes those findings. Do you think there has to be a separate finding of mental competency that his mental competency will not interfere with his ability to represent himself? I believe that's what Udz Roach is telling the courts to do. If an individual is going to ask to proceed... Where does it say that the court has to make a finding? You understand what I hear the case saying is that the court can deny it on that basis. That's really quite different from saying that's another thing that the court must find or accept before it can grant representation. I see what you're saying. I just think Edwards is asking to look at it from a two-fold prong. When you have an individual electing to represent themself or requesting to... I understand. That was your argument. That's the question you answered when Judge Reinhardt... You know, after Judge Reinhardt's answer. So I understand that argument, that the court had to at least think about it and be aware of it and exercise discretion. I understand that argument. But I've heard you making a different argument that there's an absence of a specific finding, that the court was somehow required, in addition to sort of thinking about it, actually to make a specific finding, an Edwards finding, an Edwards competency finding. And that's... I'm just wondering where that comes from. I... Let's say the court is aware of it, the argument is made, it's clear that the court understands that it has discretion not to allow representation, but then makes no specific findings to that. But it makes findings to voluntariness, makes findings to knowingness, gives all the proper cautions and so on, and then says, okay, you're entitled to represent yourself. Is there a requirement of specific findings under Edwards? Well, I think here, because competency became an issue and was raised, I do think that that specific finding needed to be addressed. Because it could potentially lead to raising the... I'm sorry, I'm not sure what it means to have a specific finding be addressed. Whether Dr. Murphy... Either the court has to make a finding, or it doesn't have to make a finding. What does it mean to address a finding? Well, was Dr. Murphy competent to represent himself? So you're saying that the district court was required to make a finding on that? Correct. Mentally competent? Correct. Okay, where in Edwards does it say that? I think, from reading Edwards and from reading Ferguson... Maybe I haven't looked at my... It's somewhere. Okay. I'm pulling from Ferguson right now, where this court says, the question then is whether Edwards applies here factually. That is, whether a defendant is mentally competent to conduct his own defense under the Edwards standard. Okay, where are Ferguson and Edwards? And that would be Ferguson at 1068. Okay. Over here. And I can pull from Edwards as well, but I think that that answers the question, is that... I'm sorry, what in Edwards are you talking about? The question then... I'm sorry, what in Ferguson are you looking at? Oh, I'm sorry, I'm at page 1068. It would be paragraph... The third full paragraph after footnote four. This is the question then? Yeah, it's whether Edwards applies here factually. That is, whether a defendant was mentally competent to conduct his own defense under the Edwards standard. Okay. Would this say that district court must make a specific finding as to that? I think, maybe I'm missing your question, but the district court's order requested that a finding be made that Dr. Murphy was competent to conduct his own defense. The district court's order requested? In the competency order, they requested... Who is that? The court requested. Who? Judge Storms, the magistrate judge, in her competency order, stated in her order whether Dr. Murphy is competent to conduct his own defense. That was one of the questions to be addressed by Dr. Yanofsky. Okay. Dr. Yanofsky prepared a report. When that report was submitted to the court, the court simply concluded in its finding, I find that Dr. Murphy is competent to go forward. That was it. All right, okay. Are you talking about the magistrate's finding or the district court's finding? The district court never actually made a finding. So you're talking about what the magistrate found? Correct. I mean, I thought your complaint was, one of your complaints was, the district court came in as a magistrate judge, but adopted by the district court, there's no specific finding as to mental competence to conduct his own defense. And I was asking you where does the requirement come from that there be a specific finding? Does the district court find that there's a knowing and voluntary way to counsel, that there's been proper warning, all that? I understand those findings need to be made. But once those are made, where is the requirement that you need to have a specific finding as to mental competence? I think I've miscommunicated that. Once those findings are made, everything has been done. Because under Godinez, the standard is the same. I mean, you could disagree with the finding that it was voluntary, because you've got a mental competency issue, but you can't complain separately that there was no specific finding as to mental competency. Well, to take it back a step, I would complain that the competency hearing was invalid. Why don't you answer my question? Don't take it back a step. Just answer my question. Are you complaining about the absence of a finding? I thought I heard you say that. Maybe I misheard. That the district judge, meaning the magistrate judge, didn't make a specific finding that Dr. Murphy is mentally competent to conduct his own defense. And Edwin's fine. No. And I will try and be very clear. No, it's fine. If you're not claiming there was a separate error, then that ends the discussion. I'm claiming that there were findings made, but in light of Edwards, this court needs to remand for the magistrate judge or district court to reconsider whether the appointment of counsel would have been appropriate in this case. Because what? What makes you think the magistrate judge didn't consider everything he should have considered? Well, first of all, the competency hearing, Dr. Murphy was unrepresented. That's a different issue. But if counsel had been present at that competency hearing, counsel may have done a number of things differently. May have challenged the competency findings. May have hired a different expert. That issue is a separate issue. Should he have had counsel at that hearing? Correct. Okay. But aside from that, I don't really quite understand. Let me see. Hold on. I do understand now that you're not complaining about what the findings said, when he said he could go forward. That meant he covered both issues. What I think you're complaining about, if I understand what you just said at the end, you're complaining that it should be remanded because the magistrate judge did not consider his full discretion because he wasn't aware of Edwards. What makes you think that the magistrate judge didn't exercise all the discretion that he had after Edwards? Because Edwards was never discussed or mentioned. And it was more of a presumption that Dr. Murphy, since he had effected this waiver of the right to counsel, had an absolute right to represent himself. Well, I don't know why you think that, because he was relying on a psychiatrist or psychologist report that considered separately the question of his competence to represent himself and practically gave him a gold medal. And 99% of the report is how brilliant he was, how wonderful, what a normal citizen. And then put a paragraph at the end that said he had this religious question, which affected some of his conduct. But he certainly considered it all. The magistrate then relied on that report, which maybe was not the best way to resolve the question. But you're not challenging that. You're challenging whether the magistrate understood how much discretion he had. And I don't know what the magistrate didn't say anything that suggested he or she or whoever it was had any, thought there was any limitation on his discretion. But I also didn't think the magistrate expressed anything indicating that they knew they had the discretion to appoint counsel once that waiver had been effected. That's what's problematic. And if you look at Ferguson and the five reasons that this court remanded, a lot of those similarities are present here. You do have bizarre behavior from the date of the offense, where Dr. Murphy walked into an airport and presented a false document stating he was an ambassador of Christ and saying his bags weren't subject to search. You have 21 various pretrial motions filed, everything from a notice of biblical memorandum and foundation and authorities to an order to show cause asking the United States why the laws and constitution apply to Dr. Murphy. You have the same factor that was present in Ferguson once the trial... Lots of people have weird ideas about lots of things. If you ever go on the Internet and see some of the comments people make, it's not that uncommon. And yet they operate in real life pretty competently. The fact that Dr. Murphy seems to have had some weird ideas does not necessarily make him incompetent to conduct his own defense. But I think what you're saying here is it may or it may not.  All right, the court may have done things differently, they may have not. So what we're going to do, since we don't know what the district court would have done, is we're going to remand this case and allow the district court to make that decision. And I see I've run over, so thank you very much. Yes. The magistrate court in this specific case, the affredi hearing was had approximately one month before Edwards came out. Edwards comes out and the order for the competency evaluation, which is issued approximately a little over two months after Edwards is brought into law, covers the exact thing that the Supreme Court mandates. It mandates not only are you competent to proceed, are you competent and fit to stand trial, but are you competent to represent yourself. And the order in the supplemental excerpts of record, Your Honor, Was Edwards brought to the magistrate judge's attention by either side? As far as the record reflects. I don't mean anybody called or anything like that. No, I mean, I know that we have what we call 28-J letters notifying us of intervening authority, like the Supreme Court case comes down. After all arguments, we'll get 28-J letters. Is there any similar mechanism? I'm sure there must be some similar mechanism of notifying district court of relevant intervening authority, right? There would be, I mean, to file a notice or a motion, if that were the case that the Supreme Court in Edwards mandated that there need be a finding of metal competency to proceed. But that's not at all what the Supreme Court said. But that's not what I asked. I asked if anybody notified the magistrate judge of it as far as the record reflects. I'm not saying it was required. I'm just asking a factual question. No, there are no. And the magistrate judge's findings are adopted by the district court? The findings in this case, no. There is no indication in the record that the district court adopted the findings to proceed or go forward. So procedurally, how did this happen? Was this consigned to the magistrate judge for final decision? It was assigned to the magistrate judge for the issues of whether or not he was to represent himself, and whether or not that issue, it was. And that's something as to which the magistrate judge has authority to do without the district judge's approval? I believe it is. I cannot point to a specific matter or a specific rule that allows that to be done, other than the magistrate judge having authority to conduct pretrial proceedings. In this case, the Edwards issue goes directly to the Ferretta issue, which was decided by the magistrate court some three months prior. And there's no appeal to the district court? There's no order by the district court adopting what the magistrate judge did? The magistrate judge decides it in their lay? There is the possibility of an appeal to the district court, Judge, I would imagine, but that was not done here, nor was there an adoption of findings in this case, if I'm answering the question correctly. And as far as you know, there is no requirement in the district court actually to rule himself. This is something you think is within the authority of the magistrate judge? Yes, but I cannot point to the rule that I am relying upon that, Your Honor. It seems a little strange. I mean, it strikes me as something that's beyond the competence of a magistrate judge to finally determine. But it was the magistrate judge that engaged in the colloquy both in May and in August. There's lots of stuff magistrate judges do that then has to be confirmed by the district judge. Well, who would appeal this magistrate judge? It's certainly the defendant. Well, I guess it would be the government. It could be. If it were to go the other way, it could be the defendant, or in this case, the appellant, who would have appealed. In this case, where they found a man who has some problems, competent to represent himself, nobody's going to appeal that other than the government, because that's what he wanted. That would be true, and it was the government that... I'm not asking the question of this could have been appealed, or was there any way by failing to appeal. I'm really asking a different question, and this, is this within the authority of a magistrate judge to resolve? Because if it's not, then this is not something, you don't have to have an appeal on that. It's simply outside the jurisdiction. It's sort of like having a magistrate judge take a guilty plea. I don't believe magistrate judges can do that. We have case law that says they do it. It doesn't come from them. Or a change of plea, right? A change of plea, yes. Magistrate judges absolutely cannot do it. You can't waive your way into it. They simply don't have authority to do it. I'm just wondering whether a Florida waiver is the kind of thing that magistrate judges have authority to do. Any law on that? Not in front of me, Your Honor. I will absolutely... But they're really quite limited. I'm just wondering. This strikes me as being, as not being an act of trust. Nobody looked into this, right? I did not, Your Honor. Let me switch gears for a moment and ask you a question about the advice concerning whether the potential sentence could run consecutively or concurrently. Do you feel that that advice is required, and did the magistrate judge do it sufficiently here? I believe that the advice is not required. I believe that the three advisements under this Court's pronouncement in Ballot, I believe I'm saying that correctly, as to the nature of the possible penalties and the dangers and disadvantages, require that you advise the defendant of each individual charge. That's to an ordinary guilty plea to a normal defendant, right? Sorry? Is that to an ordinary guilty plea by an unrepresented normal defendant as opposed to a defendant with problems? Well, I... To an, in the normal course of a foretta colloquy of advising that, advising the nature... What type of proceeding was the case you're talking about? No, the foretta, the foretta advisal in Ballot, I believe it is, where it requires to advise the defendant of the nature of the charges that was done. The possible penalties here being the maximum penalty under law with regards to Bureau of Prison, supervisory release, and the fine. But one thing that happened here was after the magistrate judge advised as to the maximum punishment, I think it was on count one, or count two, the magistrate asked the prosecutor, is that consecutive? And the prosecutor responded, no, I believe it's concurrent. Well, isn't the correct answer that it could be either? Absolutely it is. And is that mistake something that could have misled Dr. Murphy into waiving counsel, where if he'd realized that the sentence could run consecutively and they're all added up, it would have meant he would have been facing a far higher sentence? There's no indication, no requirement, no case that I have found requires to advise one way or the other as to consecutive versus concurrent sentences. In fact, there was, Your Honor, Judge Reinhart's opinion in Erskine, there was the advisement. And what was indicated there was the defendant spoke up at his trial hearing and said under the assault of 115, he was charged with two counts. And he said, I'm understanding that the maximum penalty is one year. In actuality, it was five years. And that was what was brought out. No indication of requiring any advisal whatsoever with regards to whether or not the sentences would run concurrent or consecutive. In the same manner, there's no requirement to go over the consequences of violating supervised release if you were to be convicted. You could violate supervised release. You could go back to prison for the amount of time left on supervised release. Is it a matter here that there was what could have appeared to Dr. Murphy to be a suggestion that the sentences would run concurrently when, in fact, the possibility was that they could run consecutively? It's possible. Yes. Were you talking? I'm sorry? I was. I'm still trying to sort of get to my mind how this process works. So the Faretta issue is decided by the magistrate judge. Yes, Your Honor. And then the next thing that happens is the part is up here before the district court. Yes, Your Honor. And there is the defendant without a lawyer. Yes, Your Honor. And this judge said nothing about it? I mean, this judge didn't have anything to do with it. He didn't question that at all? He did not engage in another Faretta colloquy at all. No, no. I'm just saying just went on with the case to try without any inquiry about that. And he knew that, I mean, he knew the history of the case. It's been clear in the record. He knew that the appellant was proceeding pro se, pursuant to Faretta, the hearing in May, and that Mr. Rexrod, Robert Rexrod, who appeared at every hearing, was standby counsel. I guess in the same way there's to assume that the magistrate judge in this case didn't know the law, it would be assuming that Judge Whalen didn't know the history of the case that was before him and the findings by the magistrate court regarding the defendant before him. He was. And there's no indication of the contrary. All right. Thank you. Thank you. I think we are over your time. If you want to take a minute for rebuttal, you may. I will submit, Mr. Honor, since I don't have any other questions. Do you think that magistrate judges have authority to decide Faretta issues? Off the top of my head, I don't have the answer. I would be inclined to say they may be able to conduct the initial hearing and make a recommendation and findings, but that the district court judge would meet. That's not what happened here. No. Here the decision was made by the magistrate court. And I guess you have not thought about this, so you don't have a position as to whether or not this is a matter within the competence of magistrate judges. That's correct. I'd be happy to brief the issue, though. I bet you would. I mean, because this is not one of those issues that has to be preserved for appeal or anything. It's just one of those things where magistrate is not competent, that's sudden death. It's over. Right? Correct.
judges: Whyte, Kozinski, Reinhardt